UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:17-CR-140-DPJ-FKB

HEATHER ELIZABETH
WRIGHT-BEARD

ORDER

This criminal matter is before the Court on the habeas petition [87] filed by Defendant Heather Elizabeth Wright-Beard (hereinafter "Wright"). For the following reasons, the motion is denied in part, but Wright's former counsel and the Government will be instructed to respond as to Ground Two of the Petition.

I. Background

On November 28, 2017, a federal grand jury indicted Wright on a charge of being a felon in the possession of a firearm. Wright was first represented by attorney Lisa Ross. When Ross withdrew, attorney Tom Rich was appointed, and the case proceeded to trial on June 13, 2018. The following day, Wright was late for Court and gave an excuse the Court doubted. She then violated a Court order by leaving the building during lunch. This and other strange behavior prompted the Court to order a drug test that confirmed the use of methamphetamines. Despite the positive test results, Wright lied to the Court and denied drug use. Based on her impaired capacity, the Court declared a mistrial and reset the case.

Before the second trial commenced, Wright announced her intent to change her plea and did so on June 26, 2018. Significantly, Wright waived her right to bring a motion for post-conviction relief, including but not limited to a motion filed under 28 U.S.C. § 2255. Dissatisfied with the eventual sentence, Wright is now before the Court under § 2255.

II.	Analysis

   A.	Standards

Under 28 U.S.C. § 2255, a prisoner in custody may move under limited circumstances to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). When a petition is filed, the Court must provide notice to the United States attorney and grant a prompt hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In this case, three of the four grounds for relief can be decided on the record.

   B.	Grounds for Relief

In her Petition, Wright identifies four grounds for relief: (1) the search leading to her indictment violated the Fourth Amendment; (2) her attorneys were ineffective in failing to file a motion to suppress based on the unlawful search; (3) trial counsel "persuaded" her to forego appeal; and (4) her trial attorney did not sufficiently challenge sentencing issues. *See* Pet. [87] at 15–18. In addition to these articulated grounds for vacating her sentence, Wright attaches an affidavit and a memorandum raising other issues related to her attorney's performance and the sentence that was imposed.

      1.	Ground One, Invalid Search

Wright begins her petition with a challenge to the validity of the search that uncovered the firearm she possessed in her residence. Wright has waived this argument.

When Wright signed the Plea Agreement, she waived "the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255." Plea Agreement [71] ¶ 8(b).

Such waivers are generally enforceable when, as in this case, the defendant knowingly and voluntarily agrees to waive her right to pursue post-conviction proceedings. *See United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). During the plea hearing, the Court specifically confirmed that Wright read the Plea Agreement, discussed it with her attorney, fully understood it, and was not forced to sign it. As for the waivers, Wright confirmed that she "knowingly and voluntarily" agreed to waive the right to file a motion under § 2255. Finally, the Plea Agreement itself included the following representation:

> Defendant and Defendant's attorney of record declare that the terms of this plea agreement have been:
>
> 1. READ BY OR TO DEFENDANT;
> 2. EXPLAINED TO DEFENDANT BY DEFENDANT'S ATTORNEY;
> 3. UNDERSTOOD BY DEFENDANT;
> 4. VOLUNTARILY ACCEPTED BY DEFENDANT; and
> 5. AGREED TO AND ACCEPTED BY DEFENDANT.
>
> WITNESS OUR SIGNATURES, as set forth below.
>
> D. MICHAEL HURST, JR.
> United States Attorney
>
> /s/ Keesha D. Middleton                6/26/18
> Keesha D. Middleton
> Assistant United States Attorney
>
> /s/ Heather E. Wright-Beard            6/25/18
> Heather Elizabeth Wright-Beard
> Defendant

Plea Agreement [71] at 7. Wright waived the right to contest the validity of the search in this post-conviction proceeding.

   2.   Ground Two, Ineffective Assistance of Counsel

In Ground Two of her Petition, Wright says both of her attorneys provided ineffective assistance of counsel by failing to challenge the search in a motion to suppress. Unlike the issue addressed in Ground One, Wright's Plea Agreement "reserve[d] the right to raise ineffective

3

assistance of counsel claims." *Id.* ¶ 8.[1]  The Court will instruct counsel and the Government to respond to this claim.

### 3. Ground Three, Trial Counsel's Advice Regarding Appeal

In Ground Three of her Petition, Wright asserts that Rich convinced her not to appeal. According to Wright:

> I raised the issue with my attorney(s) and the motion never got filed or done.  Mr. Rich told me after sentencing on Sept. 25, 2018 that if I chose to file an appeal on my case that he would represent me again and the federal government would pay him, that I wouldn't have to. . . . Mr. Rich convinced me not to file an appeal by persuasion stating "there was too much evidence against me."

Pet. [87] at 6–7.

"An attorney's advice [to] not appeal is subject to the same tests as other claims of ineffective assistance of counsel.  [The defendant] must show deficient performance and prejudice." *United States v. Faubion*, 19 F.3d 226, 231 (5th Cir. 1994).

> The attorney's role in this context is to provide information on how to appeal and the opportunity to do so; the client's role is to make the final decision as to take or not to take the appeal.  The Constitution requires that "the client be advised not only of his right to appeal, but also of the procedure and time limits involved and of his right to appointed counsel on appeal."  Still, the ultimate decision [is the defendants to make]; the attorney has no right or duty to take an appeal until the client expresses to counsel her desire to do so.

*Id.* (quoting *Qualls v. United States*, 774 F.2d 850, 851–52 (7th Cir. 1985)).

Here, there can be no dispute that Wright was fully advised of her appellate rights. Contrary to the misstatement in her Petition, the Court itself informed Wright that she could appeal and gave her the deadline.  It also advised that she could petition to appeal in forma

---

[1] This exception to the waiver is arguably broader than the Fifth Circuit's holding in *White*, where the court held that waivers contained in plea agreements are enforceable except when the defendant asserts ineffective assistance of counsel and the ineffectiveness "directly affected the validity of that waiver or the plea itself." *White*, 307 F.3d at 343.

4

pauperis. Moreover, Wright states in her Petition that she in fact discussed an appeal with Rich but elected not to assert one. Pet. [87] at 6–7.

As to Rich's alleged advice to forgo appeal, it was not objectively unreasonable. To begin, the evidence against Wright was overwhelming. In addition, Wright waived "the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed . . . on any ground whatsoever." Plea Agreement [71] ¶ 8(a). While she reserved the right to raise ineffective assistance of counsel, that issue could not have been pursued on direct appeal because it was not raised before the trial court. *See United States v. Reed*, 908 F.3d 102, 115 n.44 (5th Cir. 2018) ("The general rule in the Fifth Circuit is that Sixth Amendment ineffective assistance of counsel claims are not reviewed on direct appeal unless they were 'adequately raised in the trial court.'" (quoting *United States v. Cervantes*, 706 F.3d 603, 621 (5th Cir. 2013)).

"Because the petitioner knowingly and voluntarily waived h[er] appeal rights, the advice of counsel to forego an appeal of h[er] sentence was not objectively unreasonable." *United States v. Fetter*, No. 07-260, 2010 WL 2710533, at *3 (M.D. La. May 17, 2010), *report and recommendation adopted*, 2010 WL 2710530 (M.D. La. July 7, 2010). And the fact that her "attorney perceived no adequate grounds upon which to press an appeal does not translate into ineffective assistance of counsel." *Faubion*, 19 F.3d at 231. This Ground is dismissed.

4. Ground Four, Ineffective Assistance of Counsel

In Ground Four, Wright says Rich failed to raise certain issues during sentencing. More specifically, she faults Rich for (1) failing to challenge the probation officer's finding that Wright was associated with the Aryan Brotherhood; (2) failing to inform the Court that Wright's

husband had abused her; and (3) convincing Wright not to call her parents as character witnesses. *See* Pet. [87] at 18. These issues can be decided based on the record before the Court.

To establish ineffective assistance of counsel, a defendant must prove that counsel's performance was deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). On the performance prong, the defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* When considering prejudice, "the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695.

Wright fails both prongs. Starting with performance, Rich aggressively contested the pre-sentence investigative report, lodging no less than 24 objections. Those objections included one of the issues Wright now says Rich failed to address—whether she was associated with the Aryan Brotherhood. As for the abuse she suffered, Wright herself described it during her allocution, and there was no need for Rich to repeat it. Finally, it simply was not ineffective to advise Wright against calling her parents as character witnesses. Wright herself stated during allocution that the relationship with her parents had been bad until shortly before sentencing. As witnesses, they could have been cross-examined about Wright's prior conduct and drug history.

Regardless, there was zero prejudice. The Court explained in some detail why it gave Wright the sentence it did, and none of the steps she says Rich should have taken would have made a difference. Wright's sentence was the result of her own conduct both before, during, and after the commission of this offense. As stated, the Court declared a mistrial when Wright violated Court orders, tested positive for methamphetamines, and then lied about it.

5. Miscellaneous Issues

Although this Order has now addressed Wright's four specific grounds for habeas relief, she does mention other points throughout her Petition. Many of those issues have been waived and otherwise contradict the record. The Court will not, therefore, catalog them all, but it will address a few of her bigger points.

First, Wright suggests that she was not guilty of possessing a firearm. But during her plea hearing, she stated—under oath—that she was. *See Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977) (noting that sworn statements in court form a "formidable barrier in any subsequent collateral proceedings"). She repeated that confession in her allocution. Regardless, she waived the right to collaterally attack "the conviction." Plea Agreement [71] ¶ 8(b).

Second, Wright says the length of the sentence and the guideline calculations were in error. But Wright waived the right to collaterally attack the "sentence or the manner in which the sentence was imposed." Plea Agreement [71] ¶ 8(b). And even if she had not waived those issues, the Court explained on the record that calculations aside, the sentence was sufficient but not greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a).

Third, Wright suggests that she would not have pleaded guilty had she known that the Court would deny acceptance of responsibility. Wright does not couch this as an issue involving ineffective assistance of counsel, so she waived to right to mount a collateral attack. Plea Agreement [71] ¶ 8(b).

Even if she had linked the issue to ineffective assistance, the claim would still fail. The Court again looks to Wright's sworn statements during the plea hearing as well as the terms of the Plea Agreement. Wright's Plea Agreement states that she understands the

> United States Sentencing Guidelines are advisory only and that Defendant and Defendant's attorney have discussed the fact that the Court must review the

7

> Guidelines in reaching a decision as to the appropriate sentence in this case, but that the Court may impose a sentence other than that indicated by the Guidelines if the Court finds that another sentence would be more appropriate. Defendant specifically acknowledges that Defendant is not relying upon anyone's calculation of a particular Guideline range of the offense to which Defendant is entering this plea, and recognizes that the Court will make the final determination of the sentence and that Defendant may be sentenced up to the maximum penalties set forth above.

*Id.* ¶ 3.

The Court confirmed that Wright understood this language during the plea hearing both generally and specifically. First, as noted above, the Court made sure Wright fully understood her entire agreement. She said she did. Second, the Court addressed the guidelines, informing Wright that the range could not be determined until sentencing. The Court could not have been more plain: "I wouldn't be surprised if Mr. Rich or others have given you an estimate of what the range might be, but until the presentence report is prepared, neither Mr. Rich nor I could tell you with any certainty what that might be. . . . It might be significantly higher than what Mr. Rich has estimated."[2] Wright said she understood. Third, the Court reiterated that the guidelines are advisory only and that the actual sentence could be anything up to the statutory-maximum. Again, Wright confirmed that she understood all of this and further confirmed that it was her desire to change her plea knowing that she could receive the statutory-maximum sentence.

Finally, there can be no serious dispute that Wright forfeited acceptance of responsibility when she forced the Government to trial and then caused a mistrial for disregarding Court orders, lying to the judge, and taking methamphetamines. So in addition to waiving this claim, Wright

---

[2] This language constitutes the Court's standard colloquy and appears in the rough transcript from the hearing. The Court anticipates that if an appeal is filed the certified transcript will be made part of the record, and any deviations from this language will of course constitute the actual record.

fails to show that an error occurred or that she would not have changed her plea had she known that she would not receive credit for accepting responsibility.

III.     Conclusion

For the foregoing reasons, Wright's Petition [87] is denied as to Grounds One, Three, and Four.  As to Ground Two, the Government shall provide a copy of this Order to Wright's former attorneys, Lisa Ross and Tom Rich, who are instructed to file individual affidavits in response to Ground Two within 30 days of the entry of this Order.  Copies of these affidavits should also be provided to the Government.  The Government is instructed to file a response to Ground Two no later than 30 days after the last affidavit has been submitted.[3]

**SO ORDERED AND ADJUDGED** this the 31st day of January, 2019.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] After the Court prepared this Order but before it was docketed, the Government filed two motions. *See* Gov't's Mot. [88], [89]. Based on the foregoing, the Court dismisses both motions as moot.