IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO.: 3:17-CR-00140-DPJ-FKB

HEATHER ELIZABETH WRIGHT-BEARD  DEFENDANT

## AFFIDAVIT OF LISA M. ROSS

STATE OF MISSISSIPPI

COUNTY OF HINDS

**PERSONALLY, APPEARED BEFORE ME**, the undersigned authority, the within named LISA M. ROSS, who being by me first properly identified and duly sworn according to law stated on her oath and made Affidavit as follows, to-wit:

1. My name is Lisa M. Ross. I am a sole practitioner and have been licensed to practice in Mississippi. I opened my office in 1998. Prior to that, I worked as a law clerk for the Mississippi Supreme Court and United States District Court for the Southern District of Mississippi. I am now and have always been in good standing with the Mississippi Bar.

2. Per Order of this court, I am submitting this affidavit in response to an allegation of ineffective assistance of counsel by my former client, Mrs. Heather Beard. Mrs. Beard alleges that I failed to render her effective counsel because I did not file a Motion to Suppress Evidence.

3. I was appointed to represent Mrs. Heather Beard on December 27, 2017 after the Federal Public Defender's Office in Jackson, Miss. declined representation because that office was representing her husband and co-defendant David Calvin Beard. After I was appointed to

represent Mrs. Beard, I met with her in my office and by telephone to discuss the discovery I received in her case.

4.      Mrs. Beard told me on the morning of December 2, 2017, law enforcement officials arrived at the home she shared with David Calvin Beard to arrest him because he failed to appear in Rankin County Circuit Court. Mrs. Beard said she and David Calvin Beard were handcuffed after law enforcement officers entered the front entrance of the home. The discovery documents showed that the law enforcement officers did a protective sweep of the home. After the protective sweep of the home, law enforcement officers took the handcuffs off of Mrs. Beard and took David Calvin Beard into custody.

5.      Mrs. Beard told me she told the officers that David Calvin Beard told her she could possess ammunition and a pistol he purchased for her. Mrs. Beard said she knew she was a felon and could not possess a weapon but she insisted David Calvin Beard told her she could. Mrs. Beard also told me she told law enforcement officials where the gun David Calvin Beard purchased for her was located in the home.

6.      During our discussion on or about January 9, 2018, I discussed the discovery as well as the government's plea agreement and plea supplement with Mrs. Beard. I talked to Mrs. Beard about any defenses that she may have to the charge of felon in possession of a firearm. After numerous discussions with Mrs. Beard, I told her that I could not decipher any defenses to the charge and a jury would have to decide if she was guilty of possession of a firearm as a convicted felon should she decide to proceed to trial.

7.      The Report of Investigation showed after David Calvin Beard was arrested on December 2, 2017, U.S. District Judge executed a search warrant to search the home. When law enforcement officers executed the warrant, they found a Taurus, model 94 Ultralite nine, .22

caliber revolver in the bedroom. According to the Report of Investigation, Mrs. Beard told law enforcement officials, David Calvin Beard purchased the weapon for her and told her she could possess ammunition. This statement was consistent to the facts Mrs. Beard related to me.

8. After discussing the discovery and related documents with Mrs. Beard, I told her that I didn't think a Motion to Suppress would be successful given that there was a warrant for David Calvin Beard's arrest when law enforcement officials appeared at the home on December 2, 2017 and that officers would have found the evidence when they returned to the home with the search warrant Magistrate Linda Anderson issued after David Calvin Beard's arrest.

9. More importantly, I could not find any legal authority to support a claim to suppress evidence given by a defendant who was not in custody when the defendant voluntarily made incriminating statements to members of law enforcement.

10. I never told Mrs. Beard that I had filed a Motion to Suppress. In fact, I told Mrs. Beard I was not going to file a Motion to Suppress because I had no legal authority to support any argument for suppressing the evidence. On or about January 12, 2018, I told Mrs. Beard I had read *U.S. v. Silva*, 865 F.3d 238 (5th Cir. 2017), a Fifth Circuit Court of Appeals case in which the Fifth Circuit upheld the district court's decision denying a defendant's Motion to Suppress in a similar case. I told Mrs. Beard that I knew of no reason why the Court would suppress the evidence found in her home on December 2, 2017.

11. I never told Mrs. Beard that Keisha Middleton is a friend of mine. While I know Keisha Middleton professionally, I have never held Keisha Middleton out as a friend of mine to Mrs. Beard or anyone else.

12. After I told Mrs. Beard that I was not going to file a Motion to Suppress, Mrs. Beard came to my office on January 16, 2018 and left a letter terminating my services. In the letter,

Mrs. Beard asked me to request "the court to extend my dates for court to give me ample time to hire an attorney. I do not feel as though you are doing all that you can to represent me in my plea of not guilty. I believe that I should be represented by someone that believes that I am innocent & is willing to go to battle for me." *See*, Exhibit A, Letter of Termination.

**AND FURTHER, AFFIANT SAITH NOT.**

Witness my signature this the 11th day of March, 2019.

*Lisa M. Ross*
LISA M. ROSS

**SWORN TO AND SUBSCRIBED BEFORE ME**, this the 11th day of March.

*Vanessa Ann Howell*
Notary Public

VANESSA ANN HOWELL
NOTARY PUBLIC
ID No. 19050
Commission Expires
Oct 23, 2020
STATE OF MISSISSIPPI
YAZOO COUNTY