UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:17-CR-140-DPJ-FKB

HEATHER ELIZABETH
WRIGHT-BEARD

ORDER

Following denial of her habeas petition under 28 U.S.C. § 2255 and denial of a certificate of appealability, Defendant Heather Elizabeth Wright-Beard filed a "Pro-se Motion Request for Reconsideration/Transverse [sic] Motion to Oppose Government's Response" [97] and a "Pro-se Request for Traverse Motion in Answering Government's Response" [99]. For the reasons that follow, Wright-Beard's request for reconsideration is denied.

I.  Facts and Procedural History

After her initial jury trial ended in a mistrial, on June 26, 2018, Wright-Beard pleaded guilty to being a felon in possession of a firearm. On September 25, 2018, the Court sentenced her to a 70-month term of incarceration, and on January 28, 2019, Wright-Beard filed her § 2255 motion to vacate. Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the Court "promptly examine[d]" Wright-Beard's motion and concluded that she was entitled to no relief on Grounds One, Three, and Four. *See* Order [90]. As to Ground Two, it ordered Wright-Beard's former attorneys to file responsive affidavits and the Government to thereafter file a response. *Id.* at 9. The attorneys filed their affidavits [91, 92], and on March 13, 2019, the Government filed its response [93]. After waiting for the reply deadline to pass, the Court entered an order denying Ground Two [94], a final judgment [95], and a denial of a certificate of appealability [96].

Forty-eight days later, on May 15, 2019, Wright-Beard filed her motion to reconsider. In it, she complains that she was not afforded an opportunity to file a reply in support of her § 2255 motion, argues that the Supreme Court's February 27, 2019 decision in *Garza v. Idaho*, 139 S. Ct. 738 (2019), entitles her to relief, and rehashes her arguments regarding the legality of the search of her residence that uncovered the firearm she pled guilty to possessing. The Government did not initially respond to Wright-Beard's motion, so on June 5, 2019, the Court entered a text order directing a response and specifically soliciting the Government's position on "whether any of [Wright-Beard's] arguments should be construed as a second or successive petition under *Gonzalez v. Crosby*, 545 U.S. 524 (2005)." June 5, 2019 Text-Only Order. The Government responded, and Wright-Beard filed a two-page reply, which the clerk's office docketed as an additional motion. The Court considers the matters raised in Wright-Beard's motion for reconsideration fully briefed and rules as follows.

II.     Analysis

In her motion, Wright-Beard complains that the Court ruled on her § 2255 motion too quickly, "in violation of [her] being allowed to make a response to the Government['s] answer to her complaint (Transverse Motion)." Mot. [97] at 5. But the Court intentionally waited 13 days before ruling on Wright-Beard's § 2255 motion, which is longer than the period permitted for a reply under the local civil and criminal rules. *See* L.U. Civ. R. 7(b)(4); L.U. Crim. R. 47(D); *see also* Rules Governing Section 2255 Proceedings for the United States District Courts, R. 5(d) ("The moving party may submit a reply to the respondent's answer or other pleading within a time fixed by the judge."); *id.* at advisory committee notes to 2004 amendments (explaining that Rule 5(d) "prescribes that the court set the time for" movants' replies "and in lieu of setting specific time limits in each case, the court may decide to include such time limits in its local

rules"). Wright-Beard did not ask for additional time within which to file a reply, and, in fact, she did not file anything until 48 days after the Court denied her § 2255 motion. The Court did not rule too early.

She also complains about the Court's text order instructing the Government to address *Gonzalez*:

> [T]he Judge tells the government how they should answer and what they should include in their answer. Defendant[] was not given a helping hand from the judge how to answer in Pro-se's papers. Even though[] Wright-Beard is not a trained attorney with the kind of resources the government has. This "wink and nod" from the judge is improper. . . . [T]he judge respectfully should not be able to stack the deck against the defendant Pro-se in "favor" of the government being able to win the argument.

Def.'s Reply [99] at 1. The issue under *Gonzalez*—whether Wright-Beard's motion should be considered a second or successive petition—implicates the Court's jurisdiction. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007). And "[t]he Court is under a continuing duty to address its jurisdiction, *sua sponte*, if necessary." *United States v. Foreman*, No. 1:08-CR-77-HSO-JMR, 2009 WL 4723730, at *1 (S.D. Miss. Dec. 2, 2009). The Court's solicitation of input from the Government on a threshold jurisdictional question it is required to address was not improper, and Wright-Beard had an opportunity to substantively reply.

As for the jurisdictional question, if Wright-Beard's motion is properly characterized as a second or successive § 2255 motion, the Court lacks jurisdiction to consider it because the Fifth Circuit has not certified that it contains "newly discovered evidence" establishing Wright-Beard's innocence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). In *Gonzalez*, the Supreme Court held that where a Rule 60(b) motion "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits," it should

3

be construed as a second or successive habeas petition.[1]  545 U.S. at 532.  Moreover, "motions that 'in effect ask for a second chance to have the merits determined favorably' must be construed as successive habeas petitions regardless whether they are characterized as procedural attacks."  *Id.* (quoting *Balentine v. Tahler*, 626 F.3d 842, 847 (5th Cir. 2010)).

On the other hand, a motion challenging "not the substance of the federal court's resolution of a claim on the merits but some defect in the integrity of the federal habeas proceedings" is properly brought under Rule 60(b).  *Id.*  "Claims properly brought under Rule 60(b) include assertions of '[f]raud upon the habeas court' or challenges to procedural rulings that 'precluded a merits determination'—for instance, the denial of habeas relief 'for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.'"  *United States v. Vialva*, 904 F.3d 356, 360 (5th Cir. 2018) (quoting *Gonzalez*, 545 U.S. at 532 n.5).

Neither party addresses the extent to which Wright-Beard attacks the Court's prior rulings on the merits as opposed to a defect in the proceedings.  But her arguments seem to "attack[] the . . . court's previous resolution of" her claims.  *Gonzalez*, 545 U.S. at 532.  And as to Grounds Two, Three, and Four of her § 2255 motion, the Court did reach and rule on the merits.  *See* Order [90] at 4–6; Order [94] at 2–5.  As to those claims, Wright-Beard's motion is properly characterized as a second or successive petition over which the Court lacks jurisdiction.

But as to Ground One—Wright-Beard's challenge to the validity of the search—the Court found Wright-Beard "waived th[e] argument" when she entered her plea agreement.  Order [90] at 2.  As to this issue, Wright-Beard's claim fails whether that ruling was on the merits or

---

[1] To the extent Wright-Beard's motion is properly classified as a motion to reconsider, it is construed as one filed under Rule 60(b), rather than Rule 59(e), as it was filed more than 28 days after the entry of judgment.  *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012).

not.[2]  If the ruling was on the merits, then the Court would lack jurisdiction over Wright-Beard's motion in its entirety.  But even if it considered Wright-Beard's motion under Rule 60(b) as to Ground One, the Court would not find her entitled to relief under that Rule.

Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Wright-Beard makes no argument that would implicate subsections 1 through 5, so she is left with Rule 60(b)(6).

"[W]hen seeking relief under Rule 60(b)(6), a movant is required 'to show "extraordinary circumstances" justifying the reopening of a final judgment.'"  *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013) (quoting *Gonzalez*, 545 U.S. at 535).  Wright-Beard shows no such

---

[2] The Court spent little time on this issue given the ultimate result, but it appears that the question has not been uniformly answered.  *Compare United States v. Tanh Huu Lam*, No. 2:97-CR-0054-WBS-KJN, 2015 WL 1184946, at *4 (E.D. Cal. Mar. 13, 2015) (considering Rule 60(b) motion and holding that "[a] ruling that claims are waived as a result of a guilty plea is not a ruling on the merits"), *report and recommendation adopted*, 2015 WL 1959398 (E.D. Cal. Apr. 28, 2015), *with United States v. Jackson*, No. 04-299, 2013 WL 3776591, at *1–2 (W.D. Pa. July 17, 2013) (holding that subsequent attack on waiver ruling constituted a successive petition).

extraordinary circumstances. To the contrary, the Court remains convinced that she waived her right to post-conviction relief when she entered her plea agreement. Because she waived the argument, the Court properly denied habeas relief. Wright-Beard has not demonstrated that the judgment should be reopened.

III.     Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Wright-Beard's motions [97, 99] for relief from the denial of her § 2255 motion are denied.

**SO ORDERED AND ADJUDGED** this the 9th day of August, 2019.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE